In re Richard G. MILLER, Debtor.

Ransom P. REYNOLDS, As Trustee in Bankruptcy for Richard G. Miller, Plaintiff,

v.

Richard G. MILLER, Defendant.

Bankruptcy Nos. 84–20986, 86–2112A.

United States Bankruptcy Court, W.D. New York.

Dec. 9, 1987.

Davidson & O'Mara by Weeden A. Wetmore, Elmira, N.Y., on behalf of trustee.

Theodore Daunno, Upper Montclair, N.J., on behalf of debtor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This Adversary Proceeding was commenced by the Chapter 11 Trustee on October 14, 1986. The Trustee principally seeks to have Richard G. Miller (the "Debtor") denied a bankruptcy discharge. Accordingly, the Trustee has propounded causes of action by which relief is sought pursuant to 11 U.S.C. § 727(a). What neither the Trustee nor the Debtor have considered, however, is that section 727 is inapplicable to a case which, as here, is pending under Chapter 11. 11 U.S.C. § 103(b).

The fact that section 727 cannot be relied upon, however, does not leave the Trustee powerless to see the Debtor's discharge denied. Under 11 U.S.C. § 1141(d)(3),

The confirmation of a plan does not discharge a debtor if—

(A) the plan provides for the liquidation of all or substantially all of the property of the estate;

(B) the debtor does not engage in business after consummation of the plan; and

(C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. § 1141(d)(3).

Section 1141(d)(3) has been described as setting the stage for a denial of discharge in Chapter 11 under the following circumstances. "If an individual does not continue in business and the plan provides for the

---

liquidation of the individual's nonexempt property, then the individual [may] be denied a discharge for any reason under section 727(a)." 5 Collier on Bankruptcy, ¶ 1141.01[4][a] (15th Ed.1985).

The Trustee has requested the Court to declare the Debtor unworthy of a bankruptcy discharge pursuant to 11 U.S.C. § 727(a). The request is premature. Whether the Debtor will be discharged depends on the type of plan, if any, that is confirmed. 11 U.S.C. § 1141(d)(3). Since a plan has yet to be proposed by the Trustee, the time is not ripe for a declaration of nondischargeability. Accordingly, decision on the Trustee's complaint will be held in abeyance until such time as a plan of reorganization is confirmed and it is so ordered.